UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW A. WAGNER,

    Petitioner,

        v.                              Case No. 11-cv-424-JPG

UNITED STATES OF AMERICA,         Criminal No 09-cr-40045-JPG

    Respondent.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Matthew A. Wagner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On June 17, 2009, the grand jury returned an indictment charging Wagner's codefendant James S. Hubbard with conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(B). On October 21, 2009, the grand jury returned a superseding indictment adding Wagner as a defendant in the same charge. On February 5, 2010, the petitioner pled guilty to the charge. In his plea colloquy, he admitted facts sufficient to support his conviction. On May 20, 2010, the Court found Wagner's relevant conduct to be more than 500 grams but less than 2 kilograms of cocaine and sentenced him to serve 90 months in prison. The petitioner did not appeal his conviction or his sentence.

In his § 2255 motion, the petitioner raises the following claims:

1. ineffective assistance of counsel in advice leading to petitioner's guilty plea which resulted in an involuntary guilty plea;

2. ineffective assistance of counsel in failing to object to the constructive amendment of the indictment;

3. conviction based on insufficient evidence; and

4. ineffective assistance of counsel in failing to object to the presentence investigation

report's relevant conduct, some of which was obtained in an investigation of a state case that ended in a *nolle prosequi*.

Ground 2

Ground 2 has no merit.  Wagner believes the Government constructively amended the indictment by adding him as a defendant in the superseding indictment when he had not been a target in the initial investigation and had not been mentioned as a coconspirator in the original indictment.  He believes his counsel was constitutionally ineffective for failing to object to the superseding indictment on this basis.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970);  *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984);  *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011);  *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010);  *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

Even assuming Wagner's allegations are true, as a matter of law there is simply nothing wrong with a grand jury's adding an individual as a defendant in a superseding indictment when that individual was not a target of the initial investigation and was not mentioned in the original indictment.  Wagner's counsel's failure to object to his first appearance in the superseding indictment was not deficient performance and did not prejudice Wagner's case.  Ground 2 does not warrant relief under § 2255.

Ground 3

Ground 3 has no merit.   Wagner believes the Government had no evidence showing he committed the conspiracy with which he was convicted.   This challenge to the sufficiency of the evidence is not a constitutional challenge and therefore cannot be raised for the first time in a § 2255 motion.   *See Broadway v. United States*, 104 F.3d 901, 904 (7th Cir. 1997) ("insufficient evidence was a matter for direct appeal").   A defendant cannot raise in a § 2255 motion nonconstitutional issues that he could have but failed to raise on direct appeal.   *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009);   *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).   Furthermore, even if he could raise this challenge in this proceeding, the record contains sufficient evidence of his guilt to sustain a conviction:   his own sworn statements at his plea hearing, which he does not now disavow.   To the extent defense counsel's misevaluation of the Government's evidence led to advice to plead guilty, that theory is covered by Ground 1.   Ground 3 does not warrant relief under § 2255.

The Court **ORDERS** the Government to file a response to Grounds 1 and 4 of the petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered.   The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.   In light of this ruling, Wagner's motion to enter the petition on the docket so that it can be heard (Doc. 3) is **MOOT**.

**IT IS SO ORDERED.**
**DATED: October 29, 2012**

                                       s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**