UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW A. WAGNER,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 11-cv-424-JPG

Criminal No 09-cr-40045-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Matthew A. Wagner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded to the motion (Doc. 9).

**I.    Background**

On June 17, 2009, the grand jury returned an indictment charging Wagner's codefendant James S. Hubbard with conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a) and (b)(1)(B). On October 21, 2009, the grand jury returned a superseding indictment adding Wagner as a defendant in the same charge.

On February 5, 2010, the petitioner pled guilty to the charge without a plea agreement. In the plea colloquy, the Court ensured that Wagner understood the allegations against him, the rights he was relinquishing by pleading guilty, including the right to trial, and the consequences of his plea; that he was satisfied with the representation given by his counsel; that no threats or promises had been made to him to induce him to plead guilty; and that he was pleading guilty as his own free and voluntary act. Also in the proceeding, the Government set forth the evidence it would use to support the conspiracy charge if the case were to proceed to trial, and Wagner admitted the facts established by that evidence were true. The Court concluded that there was a factual basis for the guilty plea and that Wagner had knowingly, voluntarily and competently pled guilty to the superseding indictment. It therefore

adjudged him guilty.

On May 20, 2010, the Court found Wagner's relevant conduct to be more than 500 grams but less than 2 kilograms of cocaine and sentenced him to serve 90 months in prison. Part of Wagner's relevant conduct was also the basis for related state court charges for possession with intent to deliver cocaine that were pending in Saline County, Illinois (Case Nos. 2009-CF-335 and -336) at the time of his sentencing in this case. The petitioner did not appeal his conviction or his sentence.

Approximately eight months after Wagner's federal sentencing, the state court judge granted motions to *nolle prosequi* with leave to reinstate both state proceedings. Wagner's counsel did not advise the Court that the pending charges had been dropped or seek to modify Wagner's presentence investigation report ("PSR") to reflect that action.

On May 20, 2011, Wagner filed this § 2255 motion along with a memorandum of law. The Court reviewed the two filings and identified the following claims:

1. ineffective assistance of counsel in advice leading to petitioner's guilty plea which resulted in an involuntary guilty plea;

2. ineffective assistance of counsel in failing to object to the constructive amendment of the indictment;

3. conviction based on insufficient evidence; and

4. ineffective assistance of counsel in failing to object to the presentence investigation report's relevant conduct, some of which was obtained in an investigation of a state case that ended in a *nolle prosequi*.

In its initial review under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court rejected Grounds 2 and 3 as bases for § 2255 relief and ordered the Government to respond to Grounds 1 and 4. The Government's response argues that Wagner's substantive claims for relief have no merit.

**II.     § 2255 Standard**

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. U.S.*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Wagner claims that he is entitled to relief under § 2255 because his counsel failed to provide him effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *U.S. v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. U.S.*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. U.S.*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt*, 574 F.3d at 458. The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly

3

deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689;  *accord Wyatt*, 574 F.3d at 458. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689.  The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Jones*, 635 F.3d at 915;  *Fountain*, 211 F.3d at 434;  *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *U.S. v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt.*, 574 F.3d at 458.  Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458.  To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea;  his own self-serving testimony is not enough. *McCleese v. U.S.*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a

4

defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").

**III.     Analysis**

Because the Court is able to conclusively determine based on the files and records of the case that Wagner is not entitled to relief under § 2255, no hearing is necessary. The Court addresses each alleged instance of ineffective assistance of counsel in turn.

    A.    <u>Advice Leading to Guilty Plea</u>

Wagner argues that his guilty plea was involuntary because his counsel was constitutionally ineffective in his advice before the plea. He believes his counsel was deficient because (1) he did not challenge the superseding indictment on the grounds that it was constructively amended (the argument Wagner set forth in Ground 2 of this § 2255 motion), (2) he incorrectly told Wagner that the Government had sufficient evidence to convict him if he went to trial even though it did not have recorded surveillance evidence and (3) he ignored Wagner's desire to proceed to trial instead of pleading guilty.

Wagner's counsel was not deficient for failing to object to the superseding indictment on the grounds that it was constructively amended or to advise Wagner that the superseding indictment was deficient. The Court rejected the constructive amendment argument, head on and viewed through the lens of ineffective assistance of counsel, in its October 29, 2012, order (Doc. 4). There was no improper amendment of the indictment, and counsel was not deficient for so believing.

Wagner's counsel was not deficient in his assessment of the sufficiency of the Government's evidence to convict Wagner or in his recommendation regarding a guilty plea. As noted in the Court's October 29, 2012, order (Doc. 4), the record contains sufficient evidence of Wagner's guilt, including an agreement between Wagner and Hubbard to distribute and possess with intent to distribute cocaine. Specifically, there is evidence that on a regular basis Hubbard fronted Wagner – or supplied up front

5

with the expectation of payment once the next buyer in line paid – with large amounts of cocaine so that Wagner could redistribute those amounts.  Wagner confirmed this by his admissions at the plea colloquy.  Even more evidence against Wagner was set forth in the PSR, including Wagner's own statement to law enforcement officers.  In that statement, Wagner admitted he sold cocaine for Hubbard for more than a year on a front basis.  Other witnesses gave statements describing the regular cooperative drug activities of Wagner, Hubbard and others involving greater than user amounts of cocaine over multiple years.  This was certainly enough information for competent counsel to believe a conspiracy conviction was likely.  Wagner has not pointed to any information not reflected in the record that would render deficient counsel's assessment of the sufficiency of the record evidence to convict him of conspiracy or counsel's recommendation to plead guilty.  In light of the substantial evidence of guilt and Wagner's likelihood of receiving a three-level offense level reduction under § 3E1.1(a) and (b) for acceptance of responsibility if he pled guilty in a timely manner, it was well within the range of competent performance for Wagner's counsel to recommend a guilty plea.

Wagner's counsel was also not deficient for somehow not stopping Wagner from pleading guilty and instead proceeding to trial.  Wagner's argument assumes he is a helpless pawn of his attorney and is unable to make his own decisions.  This is simply not true, as demonstrated by Wagner's statements in the plea colloquy.  There, he stated he was aware of the charge against him, the possible penalties if he were to be convicted of that offense, the rights he was relinquishing by deciding to plead guilty, and the evidence the Government was ready to present were the case to proceed to trial.  Even knowing all that, Wagner stated *three times*, under oath, that he was pleading guilty as his own free and voluntary act, without the influence of any threats or promises to induce him to plead guilty.  A petitioner's testimony during a plea colloquy is presumed to be true, *U.S. v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004);  *Bridgeman v. U.S.*, 229 F.3d 589, 592 (7th Cir.2000), and the petitioner bears a heavy burden of overcoming that presumption, *see U.S. v. Hardimon*, 700 F.3d 940,

944 (7th Cir. 2012). Furthermore, counsel's affidavit is consistent with Wagner's statements in the plea colloquy. He states there that when Wagner reviewed the evidence and the options with counsel, Wagner said, "I can't go to trial." Wagner's claim now that counsel ignored his desire to go to trial is patently untrue.

Finally, Wagner has presented no objective evidence that had his counsel performed as he believes he should have, Wagner would not have entered a guilty plea. Instead, he offers only his self-serving statements – contradicted by his sworn statement in the plea colloquy – that he did not really want to plead guilty. This is not enough to demonstrate prejudice from his counsel's performance. *See McCleese v. U.S.*, 75 F.3d 1174, 1179 (7th Cir. 1996); *Wyatt v. U.S.*, 574 F.3d 455, 458 (7th Cir. 2009).

B. Failure to Seek Modification of PSR

Wagner believes his counsel was constitutionally ineffective because he failed to ask the Court to modify the PSR when the two related state charges were dismissed in January 2011 pursuant to motions to *nolle prosequi*. He believes counsel should have asked the Court at that time to modify the PSR to omit drug amounts associated with those dismissed charges.

There is simply no legal basis for making a post-sentence request to modify a PSR to exclude relevant conduct simply because state charges involving that relevant conduct were dismissed. Relevant conduct may be included whether it is associated with related charges or not associated with any charges at all so long as it meets the requirements of relevant conduct set forth in United States Sentencing Guidelines Manual § 1B1.3(a). The dismissal of related charges is simply irrelevant to the relevant conduct question.

Furthermore, it would have been impossible for the Court to grant such a request from counsel because after Wagner's sentencing, this Court no longer had jurisdiction to act in the case unless authorized by statute or rule. "Once a court sentences a criminal defendant, it has jurisdiction to

continue hearing related issues only when authorized by statute or rule." *U.S. v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).  For example, Federal Rule of Civil Procedure 35 permits correction of a clear error such as a math error and, on the Government's motion, a reduction of sentence for substantial assistance to the Government; Rule 36 permits correction of a clerical error; and 18 U.S.C. § 3582(c)(2) permits a reduction of sentence for defendants whose sentencing guideline range has subsequently been lowered by the Sentencing Commission.  Wagner has pointed to no authority, and the Court has found none on its own, that would authorize the Court to modify a PSR eight months after sentencing to change the amount of relevant conduct even if there was a valid reason to do so.

Counsel did not ask the Court to modify Wagner's PSR because such a request would have been frivolous, and it is not deficient performance not to make a frivolous motion.  *Fuller v. U.S.*, 398 F.3d 644, 652 (7th Cir. 2005);  *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

For the foregoing reasons, the Court rejects Wagner's ineffective assistance of counsel arguments and finds Wagner is not entitled to relief under § 2255.

**IV.     Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A § 2255 petitioner may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045.  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."  *Ouska*, 246 F.3d at 1046; *accord Tennard*,

542 U.S. at 282;  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").   The Court finds for the reasons set forth above that Wagner has not made such a showing and, accordingly, declines to issue a certificate of appealability.

**V.      Conclusion**

For the foregoing reasons, the Court:

•       **DENIES** Wagner's § 2255 motion (Doc. 1);

•       **DECLINES** to issue a certificate of appealability; and

•       **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 28, 2013**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

9